**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Thomas Justin MILLICAN, Ind. and d/b/a Hip Magazine, Defendant-Appellant.**

**No. 73-1734**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Oct. 18, 1973.

Glenn Zell, Atlanta, Ga., for defendant-appellant.

John W. Stokes, Jr., U. S. Atty., Richard H. Still, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

PER CURIAM:

The appellant, publisher of HIP magazine, was convicted in a non-jury trial on two counts of using the mails to distribute obscene material in violation of 18 U.S.C.A. § 1461. The defendant used the mails for delivery of HIP magazine which carried an advertisement for the film "In Deep" which the trial judge found to be obscene. The film was ordered and received through the mails by a postal inspector, using an alias under which he had entered a subscription for HIP magazine. In light of our recent decision in United States v. Thevis, 5 Cir., 1973, 484 F.2d 1149 we find the trial judge made a proper determination regarding the film's obscenity and we affirm the conviction.

[1] The appellant testified that he did not deal in films and upon receiving this order from an inspector, he went to a local book store, purchased the film, sight unseen, and then mailed it as requested. Even if we accept the fact that Millican did not see the film prior to mailing it, there is ample evidence to establish the existence of requisite knowledge that Millican was aware of the contents of the film since it need not

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

be shown that he knew such contents were in fact legally obscene. *Thevis, supra.*

After reviewing the film, we agree that the District Judge made a proper determination regarding the film's obscenity. As *Thevis* delineates, the proper review procedure for determining whether pre-*Miller,* 1973, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 material is obscene is to test the material under both *Memoirs,* 1966, 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1, and *Miller.* This procedure avoids an ex post facto application of *Miller* and keeps *Memoirs* intact for the purposes of judging offenses committed prior to the Supreme Court decision in *Miller.* Unless the material is judged to be obscene under both *Memoirs* and *Miller* there can be no conviction. Since we have concluded that the film is obscene under both *Miller* and *Memoirs,* the decision of the District Court is affirmed.

Affirmed.