**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Michael G. THEVIS, Gary Van Gundy and
Rivergate News Agency, Inc., Defend-
ants-Appellants.**

**No. 72-2664.**

United States Court of Appeals,
Fifth Circuit.

Feb. 19, 1974.

Rehearing and Rehearing En Banc
Denied April 3, 1974.

Michael Silvers, New Orleans, La., for Thevis.

Ronald Tanet, New Orleans, La., Robert Eugene Smith, Towson, Md., for Van Gundy and Rivergate News.

Stanley Fleishman, Hollywood, Cal., for defendants-appellants.

Gerald J. Gallinghouse, U. S. Atty., Michael H. Ellis, Mary Williams Cazalas, Asst. U. S. Attys., New Orleans, La., for plaintiff-appellee.

Before TUTTLE, GEWIN and RONEY, Circuit Judges.

PER CURIAM:

This obscenity case, in conjunction with two others being decided today by this panel,[1] arises from convictions obtained prior to the *"Miller* quintet" and our recent decisions in light thereof.[2]

---

1. United States v. New Orleans Book Mart, 490 F.2d 73 (5th Cir. 1974) [No. 71-2594]; United States v. Sulaiman, 490 F.2d 78 (5th Cir. 1974) [No. 71-3145].

2. Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973); Paris Adult Theatre I v. Slaton, 413 U.S. 49, 93 S.Ct. 2628, 37 L.Ed.2d 446 (1973); Kaplan v.

The appeals were held pending the Supreme Court's disposition of *Miller*. Virtually every point made on this appeal is now controlled by these recent decisions adversely to appellants. We affirm.

Thevis, Van Gundy, and The Rivergate News Agency, Inc. were convicted for using a common carrier for interstate transportation of obscene material in violation of 18 U.S.C.A. § 1462.

■ (1) Expert testimony is not required to uphold a determination that the transported material is obscene. Paris Adult Theatre I v. Slaton, 413 U.S. 49, 93 S.Ct. 2628, 37 L.Ed.2d 446 (1973), citing with approval United States v. Groner, 479 F.2d 577 (5th Cir. 1973); United States v. Thevis, 484 F. 2d 1149 (5th Cir. 1973).

■ (2) Failure of the court to charge the jury specifically as to the national standard for determining the obscenity of the material was not error in view of the newly enunciated community standard test. Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973); United States v. Orito, 413 U.S. 139, 93 S.Ct. 2674, 37 L.Ed.2d 513 (1973); United States v. 12 200-Ft. Reels, 413 U.S. 123, 93 S.Ct. 2665, 37 L. Ed.2d 500 (1973); United States v. Thevis, 484 F.2d 1149 (5th Cir. 1973).

■ (3) Scienter by the defendants that the transported materials are legally obscene is not required for conviction under 18 U.S.C.A. § 1462. Defendants' knowledge of the materials' sexual orientation is sufficient. United States ·v. Orito, 413 U.S. 139, 93 S.Ct. 2674, 37 L. Ed.2d 513 (1973); United States v. Thevis, 484 F.2d 1149 (5th Cir. 1973).

California, 413 U.S. 115, 93 S.Ct. 2680, 37 L.Ed.2d 492 (1973); United States v. 12 200-Ft. Reels of Super 8mm Film, 413 U.S. 123, 93 S.Ct. 2665, 37 L.Ed.2d 500 (1973); United States v. Orito, 413 U.S. 139, 93

■ (4) Title 18 U.S.C.A. § 1462 is neither unconstitutionally vague or overbroad. United States v. Orito, 413 U.S. 139, 93 S.Ct. 2674, 37 L.Ed.2d 513 (1973); Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1149 (1957); United States v. Thevis, 484 F. 2d 1149 (5th Cir. 1973).

■ In addition to urging the nonworkability of a national standard in conjunction with the *ex post facto* effect of applying the *Miller* standards to this case, an argument which we answered adversely to defendants today in United States v. New Orleans Book Mart, 490 F.2d 73 (5th Cir. 1974) [No. 71–2594], they contend it was error for the trial judge to disallow comparable evidence. If expert testimony is not required to determine obscenity, it is certainly within the trial judge's discretion not to allow comparable evidence.

■ The defendants also urge that due to the inherent vagueness of a national obscenity standard, as discussed in *Miller*, 413 U.S. at 20, the indictment, by tracking 18 U.S.C.A. § 1462, did not sufficiently advise them of the charge against them. This contention, however, was answered adversely to them in United States v. Thevis, 484 F.2d 1149, 1152 (5th Cir. 1973).

■ Following *Thevis*, we have reviewed "L'Affair, No. 7," and "Wild Sexual Compulsions" under both the Memoirs v. Massachusetts, 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1 (1966), and the *Miller* tests and find them to be within the legal parameters of obscenity.

Affirmed.

S.Ct. 2674, 37 L.Ed.2d 513 (1973); United States v. Millican, 487 F.2d 331 (5th Cir. 1973); United States v. Thevis, 484 F.2d 1149 (5th Cir. 1973).