**UNITED STATES of America, Plaintiff-Appellee,**

v.

**NEW ORLEANS BOOK MART, INC., Frederick Eno-Mayhew Lund, Michael George Thevis and Robert Mitchum, Defendants-Appellants.**

No. 71-2594.

United States Court of Appeals, Fifth Circuit.

Feb. 19, 1974.

Rehearing and Rehearing En Banc Denied April 3, 1974.

Michael Silvers, New Orleans, La., J. M. Ausburn, San Antonio, Tex., Stanley Fleishman, Hollywood, Cal., Robert Eugene Smith, Atlanta, Ga., for defendants-appellants.

Gerald J. Gallinghouse, U. S. Atty., Michael H. Ellis, Mary Williams Cazales, Asst. U. S. Attys., New Orleans, La., for plaintiff-appellee.

Before TUTTLE, GEWIN and RONEY, Circuit Judges.

PER CURIAM:

This obscenity case, in conjunction with two others being decided today by this panel,[1] arises from convictions obtained prior to the *"Miller* quintet" and our recent decisions in light thereof.[2] The appeals were held pending the Supreme Court's disposition of *Miller*. Virtually every point made on this appeal is now controlled by these recent decisions adversely to appellants. We affirm.

The New Orleans Book Mart, Frederick Lund, Michael Thevis, and Robert Mitchum were convicted of violations of 18 U.S.C.A. §§ 1465 and 2 in that they knowingly transported or caused to be transported obscene material in interstate commerce by common carrier for the purpose of sale or distribution.

 (1) Expert testimony is not required by the Government to meet its burden of proving that the materials go beyond the customary limits of candor in their description of sex and nudity. Paris Adult Theatre I v. Slaton, 413 U.S. 49, 93 S.Ct. 2628, 37 L.Ed.2d 446 (1973), citing with approval United States v. Groner, 479 F.2d 577 (5th Cir. 1973); United States v. Thevis, 484 F. 2d 1149 (5th Cir. 1973).

---

1. United States v. Sulaiman, 490 F.2d 78 (5th Cir. 1974) [No. 71–3145]; United States v. Thevis, 490 F.2d 76 (5th Cir. 1974) [No. 72–2664].

2. Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973); Paris Adult Theatre I v. Slaton, 413 U.S. 49, 93 S.Ct. 2628, 37 L.Ed.2d 446 (1973); Kaplan v. California, 413 U.S. 115, 93 S.Ct. 2680, 37 L.Ed. 2d 492 (1973); United States v. 12 200-Ft. Reels of Super 8mm Film, 413 U.S. 123, 93 S.Ct. 2665, 37 L.Ed.2d 500 (1973); United States v. Orito, 413 U.S. 139, 93 S.Ct. 2674, 37 L.Ed.2d 513 (1973); United States v. Millican, 487 F.2d 331 (5th Cir. 1973); United States v. Thevis, 484 F.2d 1149 (5th Cir. 1973)

■ (2) Scienter as to the exact content of the material transported, rather than a general knowledge that the material is sexually oriented, is not required to uphold a conviction under 18 U.S.C.A. § 1465. *See* United States v. Orito, 413 U.S. 139, 93 S.Ct. 2674, 37 L.Ed.2d 513 (1973); United States v. Thevis, 484 F. 2d 1149 (5th Cir. 1973).

■ (3) 18 U.S.C.A. § 1465, which utilizes the same pertinent language as 18 U.S.C.A. § 1462 ("obscene, lewd, lascivious, or filthy"), is not void for vagueness and overbreadth. *See* United States v. Orito, 413 U.S. 139, 93 S.Ct. 2674, 37 L.Ed.2d 513 (1973); Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957); United States v. Thevis, 484 F.2d 1149 (5th Cir. 1973).

■ At oral argument, recognizing the formidable decision array against them, defendants appropriately modified their argument and urged that their convictions must be reversed due to the timely interaction of their trial with the subsequent Supreme Court clarification and definitional readjustments incorporated in *Miller*. The crux of their appellate argument rests in the recognition that their conviction was under a definition of obscenity gauged by national standards. *Miller* declared a national standard to be unworkable, at least in a state prosecution context, and permitted local community standards as the appropriate gauge. Defendants argue that since they were tried and convicted under the "unworkable" national standard, their convictions must be reversed and a new trial granted for adjudication under the local community standard. To find them guilty under the new gauge at this juncture would be tantamount to *ex post facto* application of an "intimated" prospective only standard. *See* United States v. 12 200-Ft. Reels of Film, 413 U.S. 123, 130 n. 7, 93 S.Ct. 2665, 37 L. Ed.2d 500 (1973).

We realize defendants were convicted in what may be called a no man's land.

But we also realize that the Supreme Court did not intend by its June 21, 1973 decisions to leave the country without enforceable protection against obscene materials and their purveyors. It is this realization which led this Court in United States v. Thevis, 484 F.2d 1149 (5th Cir. 1973) to develop its dual test approach:

> [W]e conclude that by indiscriminately vacating and remanding these cases, the Supreme Court declared that all obscenity cases which had not reached final adjudication should be re-examined in light of its clarification of previous standards and its declaration of new standards. We do not read this as precluding our application of the *Memoirs* standard to materials involved in transactions occurring in 1970. We base this conclusion on several observations. For one, we note that the Supreme Court in *Miller* stated specifically that *Memoirs* was "correctly regarded at the time of trial as limiting state prosecution under controlling case law." 413 U.S. at 30, 93 S.Ct. at 2618, 37 L.Ed.2d at 435.

Further, at no point did the Court indicate that *Miller's* clarification and modification of *Memoirs* was the result of *Memoirs* permitting unconstitutional infringement on efforts to distribute pornography. . . . We are unable to conclude from the Court's wholesale remand of these cases, without more, that the Court, concerned as it was for strengthening the power to regulate pornography, chose gratuitously to eliminate constitutionally-valid law that would otherwise be available in prosecuting pending obscenity cases.

Following that opinion, we have examined the publications and film in the case *sub judice* under Memoirs v. Massachusetts, 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1 (1966), and under *Miller* and find them to be within the legal parameters of obscenity.

Affirmed.