**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Antar A. R. SULAIMAN, and Over 21
Book Club, Inc., Defendants-
Appellants.**

**No. 71-3145.**

United States Court of Appeals,
Fifth Circuit.

Feb. 19, 1974.

Rehearing and Rehearing En Banc
Denied April 3, 1974.

Stanley Fleishman, Hollywood, Cal., Joseph Pardo, Miami, Fla., for defendants-appellants.

Robert W. Rust, U. S. Atty., George A. Kolus, Asst. U. S. Atty., Miami, Fla., Donald H. Feige, Crim. Div., Dept. of Justice, Robert D. Keefe, Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before TUTTLE, GEWIN and RONEY, Circuit Judges.

PER CURIAM:

This obscenity case, in conjunction with two others being decided today by this panel,[1] arises from convictions obtained prior to the *"Miller* quintet" and our recent decisions in light thereof.[2] The appeals were held pending the Supreme Court's disposition of *Miller.* Virtually every point made on this appeal is now controlled by these recent decisions adversely to appellants. We affirm.

Antar Sulaiman and the Over 21 Book Club, Inc. were convicted under 18 U.S.C.A. § 1461 for knowingly using the mails for delivery of obscene advertisements and motion picture films to certain individuals.

 (1) The Government does not have to introduce expert testimony in addition to the challenged material to prove the obscenity charge. *Paris Adult*

---

1. United States v. New Orleans Book Mart, 490 F.2d 73 (5th Cir. 1974) [No. 71-2594]; United States v. Thevis, 490 F.2d 76 (5th Cir. 1974) [No. 72-2664].

2. Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973); Paris Adult Theatre I v. Slaton, 413 U.S. 49, 93 S.Ct. 2628, 37 L.Ed.2d 446 (1973); Kaplan v.

California, 413 U.S. 115, 93 S.Ct. 2680, 37 L.Ed.2d 492 (1973); United States v. 12 200-Ft. Reels of Super 8mm Film, 413 U.S. 123, 93 S.Ct. 2665, 37 L.Ed.2d 500 (1973); United States v. Orito, 413 U.S. 139, 93 S.Ct. 2674, 37 L.Ed.2d 513 (1973); United States v. Millican, 487 F.2d 331 (5th Cir. 1973); United States v. Thevis, 484 F.2d 1149 (5th Cir. 1973).

**79**

Theatre I v. Slaton, 413 U.S. 49, 93 S.Ct. 2628, 37 L.Ed.2d 446 (1973), citing with approval United States v. Groner, 479 F.2d 577 (5th Cir. 1973); United States v. Thevis, 484 F.2d 1149 (5th Cir. 1973).

 (2) Defendants' knowledge that the material mailed is legally obscene is not required to prove a violation of 18 U.S.C.A. § 1461. Proof that the defendants knew that the material was sexually oriented is sufficient. United States v. Millican, 487 F.2d 331 (5th Cir. 1973). *See* United States v. Thevis, 484 F.2d 1149 (5th Cir. 1973) (18 U.S.C.A. § 1462).

· ■ (3) Title 18 U.S.C.A. § 1461 is not unconstitutionally vague or overbroad. United States v. Cote, 485 F.2d 574 (5th Cir. 1973). *See* United States v. Millican, 487 F.2d 331 (5th Cir. 1973).

In addition to urging the nonworkability of a national standard in conjunction with the *ex post facto* effect of applying the *Miller* standards to this case, an argument which we answered adversely to defendants today in United States v. New Orleans Book Mart, 490 F.2d 73 (5th Cir. 1974) [No. 71–2594], they urge that the local community standard test enunciated in *Miller* does not apply to federal obscenity prosecutions. Defendants premise their argument on the fact that *Miller* was a state obscenity prosecution. This contention, however, was answered adversely to them in United States v. Thevis, 484 F.2d 1149 (5th Cir. 1973):

> In *Orito*, supra, and *12 200-Ft. Reels*, supra, the Court made clear that this standard also applies to prosecutions under federal statutes. 484 F.2d at 1154.

In reply to *Thevis* and the intimations of United States v. Orito, 413 U.S. 139, 93 S.Ct. 2674, 37 L.Ed.2d 513 (1973) (18 U.S.C.A. § 1462), and United States v. 12 200-Ft. Reels of Super 8mm Film, 413 U.S. 123, 93 S.Ct. 2665, 37 L.Ed.2d 500 (1973) (19 U.S.C.A. § 1305), the defendants cite to what they term

the prospective language of Footnote 7 in *Twelve 200-Ft. Reels,* 413 U.S. at 130, 93 S.Ct. 2665, and argue that local community standards are to be given prospective application only and cannot be the basis for a conviction had prior to June 21, 1973.

■ Relying on United States v. Thevis, 484 F.2d 1149 (5th Cir. 1973), however, we need not answer that question. We have reviewed the material under both the *Memoirs* and *Miller* tests and find the advertisements and films to be within the legal parameters of obscenity.

Affirmed.