**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**William GRONER, d/b/a Lucky Distributors, Defendant-Appellant.**

**No. 71–1091**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

May 24, 1974.

---

* Rule 18, 5 Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Will Gray, Michael Anthony Maness, Houston, Tex., Robert Eugene Smith, Atlanta, Ga., for defendant-appellant.

Wm. F. Sanderson, Jr., Asst. U. S. Atty., Frank D. McCown, U. S. Atty., Fort Worth, Tex., Larry E. Butcher, Atty., Crim. Div., Administrative Reg. Sec., Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

THORNBERRY, Circuit Judge:

For the third time,[1] William Groner's convictions on two counts of knowingly using a common carrier in interstate commerce to transport a quantity of obscene books, in violation of 18 U.S.C. § 1462, are before this court. The case is before us pursuant to an order of the Supreme Court vacating our en banc judgment and remanding the cause for further consideration in light of Miller v. California, 1973, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419; Paris Adult Theatre I v. Slaton, 1973, 413 U.S. 49, 93 S. Ct. 2628, 37 L.Ed.2d 446; Kaplan v. California, 1973, 413 U.S. 115, 93 S.Ct. 2680, 37 L.Ed.2d 492; United States v. 12 200-ft. Reels of Super 8 mm. Film, 1973, 413 U.S. 123, 93 S.Ct. 2665, 37 L. Ed.2d 500; United States v. Orito, 1973, 413 U.S. 139, 93 S.Ct. 2674, 37 L.Ed.2d 513; Heller v. New York, 1973, 413 U.S. 483, 93 S.Ct. 2789, 37 L.Ed.2d 745; Roaden v. Kentucky, 1973, 413 U.S. 496, 93 S.Ct. 2796, 37 L.Ed.2d 757; and Alexander v. Virginia, 1973, 413 U.S. 836, 93 S.Ct. 2803, 37 L.Ed.2d 993, all decided June 25, 1973.

Groner now contends (1) that the convictions cannot stand because the *Roth-Memoirs* test is now constitutionally inapplicable and because the *Miller* test cannot be constitutionally applied retroactively, (2) that in any case the evidence was insufficient to support the jury's conclusion that the books were obscene, (3) that 18 U.S.C. § 1462 does not define proscribed conduct with sufficient particularity to satisfy *Miller* and is thus unconstitutionally vague and overbroad, (4) that under 18 U.S.C. § 1462 it is constitutionally necessary for the government to prove not merely that the defendant had knowledge of the nature of the materials placed in interstate commerce, but also that he was aware that the materials were legally obscene, and (5) that the F.B.I's acquisition and retention of the books constituted an unconstitutional search and seizure in light of Roaden v. Kentucky, supra.

 We rejected Groner's first contention in United States v. Thevis, 5th Cir. 1973, 484 F.2d 1149. As that case demands, the proper review proce-

---

1. For the history and background of the case, see the panel opinion reported at 475 F.2d 550, and the en banc opinion reported at 479 F.2d 577.

dure for determining whether pre-*Miller* material is obscene is to test the material under both the *Roth-Memoirs* standard and the *Miller* standard. This procedure avoids an ex post facto application of *Miller* and keeps the old standard intact for the purpose of judging offenses committed prior to the Supreme Court decision in *Miller*. Unless the material is judged to be obscene under both the old and the new standards, there can be no conviction. United States v. Millican, 5th Cir. 1973, 487 F. 2d 331. We need not remand for a new trial because it is our duty to make an "independent constitutional judgment on the facts of the case as to whether the material is constitutionally protected." Jacobellis v. Ohio, 1964, 378 U.S. 184, 190, 84 S.Ct. 1676, 1679, 12 L.Ed.2d 793. Having done so, we reject appellant's second contention and conclude that under each of the two tests the books are indeed obscene. *See* United States v. Cote, 5th Cir. 1973, 485 F.2d 574; United States v. New Orleans Book Mart, Inc., 5th Cir. 1974, 490 F.2d 73; United States v. Sulaiman, 5th Cir. 1974, 490 F.2d 78; United States v. Thevis, 5th Cir. 1974, 490 F.2d 76.

■■ We have also recently rejected appellant's third contention by concluding that 18 U.S.C. § 1462 has been the subject of authoritative judicial construction which renders its application constitutionally proper. United States v. Thevis, supra, 490 F.2d 76; *see also* United States v. Orito, supra. In similar fashion, we have foreclosed appellant's fourth contention with our holding that the government has met its burden of proving scienter under this statute if it proves that the appellant knew the nature of the materials he put in interstate commerce. United States v. Thevis, supra, 484 F.2d 1149.

■ Appellant's final contention can be disposed of summarily. The record shows that at the American Airlines Freight Terminal a security employee discovered that the box containing the books had somehow been opened and pil-

fered. American Airlines contacted the F.B.I. and placed the pilfered carton in their hands for investigation of an apparent theft. A subsequent search of the carton convinced the F.B.I. that the material was "contraband," and the agency thus retained the materials until the time of trial when, for the first time, the appellant questioned the propriety of the F.B.I.'s actions. We expressly do not reach the merits of Groner's contention that the F.B.I.'s conduct was violative of the principles enunciated in Roaden v. Kentucky, supra, because the appellant lacks standing to challenge the action. There is no standing to contest a search and seizure where, as here, the defendant was not on the premises at the time of the contested search and seizure; had no proprietary or possessory interest in the premises; and was not charged with an offense that includes, as an essential element of the offense charged, possession of the seized evidence at the time of the contested search and seizure. Brown v. United States, 1973, 411 U.S. 223, 229, 93 S.Ct. 1565, 1569, 36 L.Ed.2d 208.

Affirmed.