No. 73–1639. SULAIMAN ET AL. *v.* UNITED STATES. C. A. 5th Cir. Certiorari denied. MR. JUSTICE DOUGLAS, being of the view that any state or federal ban on, or regulation of, obscenity is prohibited by the Constitution, *Miller* v. *California,* 413 U. S. 15, 42–47 (DOUGLAS, J., dissenting); *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 70–73 (DOUGLAS, J., dissenting), would grant certiorari in this case and summarily reverse the judgment. ■

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL join, dissenting.

Petitioners were convicted in the United States District Court for the Southern District of Florida of using the mails to distribute allegedly obscene materials in violation of 18 U. S. C. § 1461, which provides in pertinent part as follows:

> "Every obscene, lewd, lascivious, indecent, filthy or vile article, matter, thing, device, or substance; and—
>
> .     .     .     .     .
>
> "Every written or printed card, letter, circular, book, pamphlet, advertisement, or notice of any kind giving information, directly or indirectly, where, or how, or from whom, or by what means any of such mentioned matters, articles, or things may be obtained or made . . .
>
> .     .     .     .     .

"Is declared to be nonmailable matter and shall not be conveyed in the mails or delivered from any post office or by any letter carrier.

"Whoever knowingly uses the mails for the mailing . . . of anything declared by this section . . . to be nonmailable . . . shall be fined not more than $5,000 or imprisoned not more than five years, or both . . . ."

The Court of Appeals for the Fifth Circuit affirmed, 490 F. 2d 78 (1974).

I adhere to my dissent in *United States* v. *Orito,* 413 U. S. 139, 147 (1973), in which, speaking of 18 U. S. C. § 1462, which is similar in scope to § 1461, I expressed the view that "[w]hatever the extent of the Federal Government's power to bar the distribution of allegedly obscene material to juveniles or the offensive exposure of such material to unconsenting adults, the statute before us is clearly overbroad and unconstitutional on its face." 413 U. S., at 147–148. For the reasons stated in my dissent in *Miller* v. *California,* 413 U. S. 15, 47 (1973), I would therefore grant certiorari, and, since the judgment of the Court of Appeals for the Fifth Circuit was rendered after *Orito,* reverse.* In that circumstance, I have no occasion to consider whether the other questions presented merit plenary review. See *Heller* v. *New York,* 413 U. S. 483, 494 (1973) (BRENNAN, J., dissenting).

Finally, it does not appear from the petition and response that the obscenity of the disputed materials was adjudged by applying local community standards. Based on my dissent in *Hamling* v. *United States,* 418 U. S. 87, 141 (1974), I believe that, consistent with the Due Process Clause, petitioners must be given an opportunity to have

---

*Although four of us would grant certiorari and reverse the judgment, the Justices who join this opinion do not insist that the case be decided on the merits.

their cases decided on, and to introduce evidence relevant to, the legal standard upon which their convictions have ultimately come to depend. Thus, even on its own terms, the Court should vacate the judgment below and remand for a determination whether petitioners should be afforded a new trial under local community standards.