No. 73–1932.   GRONER, DBA LUCKY DISTRIBUTORS v. UNITED STATES.   C. A. 5th Cir.   Certiorari denied.   MR. JUSTICE DOUGLAS, being of the view that any state or federal ban on, or regulation of, obscenity is prohibited by the Constitution, Roth v. United States, 354 U. S. 476, 508 (1957) (DOUGLAS, J., dissenting); Miller v. California, 413 U. S. 15, 42–47 (1973) (DOUGLAS, J., dissenting); Paris Adult Theatre I v. Slaton, 413 U. S. 49, 70–73 (1973) (DOUGLAS, J., dissenting), would grant certiorari and summarily reverse the judgment.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL join, dissenting.

Petitioner was convicted in the United States District Court for the Northern District of Texas of using a com-

mon carrier in interstate commerce for carriage of allegedly obscene matter in violation of 18 U. S. C. § 1462, which provides in pertinent part as follows:

"Whoever . . . knowingly uses any express company or other common carrier, for carriage in interstate or foreign commerce [of]—

"(a) any obscene, lewd, lascivious, or filthy book, pamphlet, picture, motion-picture film, paper, letter, writing, print, or other matter of indecent character

.      .      .      .      .

"Shall be fined not more than $5,000 or imprisoned not more than five years, or both . . . ."

The Court of Appeals for the Fifth Circuit affirmed the conviction, 479 F. 2d 577 (1973) (en banc), and this Court vacated the judgment of that court and remanded the case for reconsideration in light of *Miller* v. *California,* 413 U. S. 15 (1973), and companion cases. 414 U. S. 969. On remand, the Fifth Circuit again affirmed the conviction. 494 F. 2d 499 (1974).

I adhere to my dissent in *United States* v. *Orito,* 413 U. S. 139, 147 (1973), in which, speaking of 18 U. S. C. § 1462, I expressed the view that "[w]hatever the extent of the Federal Government's power to bar the distribution of allegedly obscene material to juveniles or the offensive exposure of such material to unconsenting adults, the statute before us is clearly overbroad and unconstitutional on its face." 413 U. S., at 147–148. For the reasons stated in my dissent in *Miller* v. *California,* *supra,* at 47, I would therefore grant certiorari, and since the judgment of the Court of Appeals for the Fifth Circuit was rendered after *Orito,* reverse.\* In that circumstance, I have no occasion to consider whether the

---

\*Although four of us would grant certiorari and reverse the judgment, the Justices who join this opinion do not insist that the case be decided on the merits.

other questions presented merit plenary review. See *Heller* v. *New York*, 413 U. S. 483, 494 (1973) (BRENNAN, J., dissenting).

Finally, it does not appear from the petition and response that the obscenity of the disputed materials was adjudged by applying local community standards. Based on my dissent in *Hamling* v. *United States*, 418 U. S. 87, 141 (1974), I believe that, consistent with the Due Process Clause, petitioner must be given an opportunity to have his case decided on, and to introduce evidence relevant to, the legal standard upon which his conviction has ultimately come to depend. Thus, even on its own terms, the Court should vacate the judgment below and remand for a determination whether petitioner should be afforded a new trial under local community standards.