UNITED STATES of America,
Appellee,

v.

Melvin FRIEDMAN et al., Appellants.

UNITED STATES of America,
Appellee,

v.

SOONER STATE NEWS AGENCY,
INC., Appellant.

Nos. 74-1224 to 74-1227.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 10, 1974.

Decided Nov. 18, 1974.

Rehearing Denied Jan. 7, 1975.

512

Gilbert H. Deitch, Atlanta, Ga., for appellants Mitchum and Fishman.

John M. Fincher, North Little Rock, Ark., for appellant Boyd.

Robert Eugene Smith, Baltimore, Md., for appellant Friedman.

O. H. Storey, Asst. U. S. Atty., Little Rock, Ark., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, and HEANEY and STEPHENSON, Circuit Judges.

VAN OOSTERHOUT, Senior Circuit Judge.

These consolidated appeals are the result of convictions of individual defendants Melvin Friedman, Robert L. Mitchum, Phillip Fishman and Wendell Boyd on a single count indictment alleging a conspiracy to violate 18 U.S.C. §§ 1465 and 2 all in violation of 18 U.S.C. § 371. Corporate defendant Sooner State News Agency, Inc. (hereinafter Sooner State News) appeals its conviction in a related case on two counts of knowingly transporting in the United States mail obscene literature for the purpose of sale and distribution in violation of 18 U.S.C. §§ 1465 and 2.

In addition to the conspiracy count, individual defendant Friedman was originally indicted in two separate indictments on some thirteen counts alleging substantive violations of 18 U.S.C. §§ 1465 and 2. However, at the conclusion of the evidence the trial court granted Friedman's motion for judgment of acquittal on these counts.

The individual defendants received sentences ranging from thirty months imprisonment (15 days incarceration with balance on probation) and $1500 fines to 42 months (30 days incarceration with balance on probation) and a $5000 fine. Sooner State News was fined $2500 on each of two counts the government elected to prosecute on.

The overt acts which culminated in the indictments of the defendants consisted of the use of the United States mail to ship allegedly obscene printed materials from Atlanta, Georgia, and Tulsa, Oklahoma, to Little Rock, Arkansas, bookstores. These acts allegedly occurred on July 6, 1972, and February 15, 1973. The magazine type literature before us, which was the basis of the indictments, depicts photographically adult men and women participating in various sex acts including sexual intercourse with penetration, anal intercourse, fellatio, cunnilingus and masturbation. The participants in the various photographs are both heterosexual and homosexual. The magazines include textual material in article form which is largely factual in nature but almost totally unrelated to the accompanying pictures described herein. The jury found that the material in question was obscene under the three-pronged test found in A Book Named "John Cleland's Memoirs of a Woman of Pleasure" v. Massachusetts, 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1 (1966).[1]

Defendants Friedman and Mitchum were incorporators and officers of Sooner State News located in Tulsa, Oklahoma, which mailed part of the above described literature to recipients in Little Rock, Arkansas. Mitchum was also the president of Paris Bookstall, Inc., d/b/a Books Limited No. 1 and Books Limited No. 2, the recipients of the allegedly obscene material in Little Rock. Both men were officers in Peachtree National Distributors, Inc., of Atlanta, Georgia, from which part of the allegedly obscene material came. Defendant Wendell Boyd was the manager of the recipient adult bookstores in Little Rock. Defendant Fishman was an employee of Peachtree National Distributors, Inc. and was primarily responsible for establishing Hot Springs and Fayetteville, Arkansas, adult bookstores. He also assisted the owners of the Little Rock bookstores in establishing their operations.

1. Although the trial occurred after the Supreme Court's decision in Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), the trial court granted defendants' request that they be tried under the *Memoirs* criteria for obscenity. On appeal defendants suggest it was error to use the *Memoirs* criteria after *Miller* was decided. However, defendants asked for, received, and did not object to instructions based on *Memoirs*. Accordingly they cannot successfully claim as error that which they themselves advocated and did not object to at trial.

In this appeal the individual defendants contend: (1) That their conviction under the general conspiracy statute, 18 U.S.C. § 371, violates the constitutional rights guaranteed them by the first, fifth and sixth amendments of the federal constitution; and (2) the evidence is insufficient to sustain the convictions of conspiracy. Additionally, the individual defendants and Sooner State News, the corporate defendant, contend: (1) The indictment under 18 U.S.C. § 1465 is fatally defective because the statute denies defendants equal protection, due process and freedom of speech in violation of the first, fifth and sixth amendments to the federal constitution; and (2) that 18 U.S.C. § 1465 violates the due process clause of the fifth amendment because it is unconstitutionally vague even with Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), read into it. Defendant Friedman further contends that the doctrines of double jeopardy and collateral estoppel prevent the government from maintaining the conspiracy prosecution against him under 18 U.S.C. § 371 when substantive indictments alleging violations of 18 U.S.C. § 1465 had previously been dismissed as to him.

Defendant Sooner State News initially contends the indictment charging violations of 18 U.S.C. § 1465 [2] is fatally defective because § 1465 on its face and as applied abridges certain rights guaranteed by the first, fifth and sixth amendments. The individual defendants join in this constitutional challenge to §

1465. Specifically they argue that at the time of the alleged offense § 1465 was not limited to any specifically defined sexual conduct as is required by Miller v. California, *supra,* that an unworkable "national standard" for judging obscenity is contemplated by § 1465, and that the indictment incorporated the pre-*Miller* "utterly without redeeming social value" test for obscenity articulated in Memoirs v. Massachusetts, *supra,* 383 U.S. at 418, but rejected in *Miller.* We find defendants' contentions to be without merit.

■■ The lack of a specifically defined standard for obscenity in the federal obscenity statutes [3] has not been and is not a constitutional barrier to prosecution under those statutes. Roth v. United States, 354 U.S. 476, 491, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957). See Hamling v. United States, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974). In *Roth* the Court said:

> This Court * * * has consistently held that lack of precision is not itself offensive to the requirements of due process. " * * * [T]he Constitution does not require impossible standards"; all that is required is that the language "conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices * * * ." [Citation omitted.] * * *

> [W]e hold that [the federal obscenity statutes], applied according to the proper standard for judging obscenity, do not offend constitutional safe-

---

2. 18 U.S.C. § 1465 provides in pertinent part:

Whoever knowingly transports in interstate or foreign commerce for the purpose of sale or distribution any obscene, lewd, lascivious, or filthy book, pamphlet, picture, film, paper, letter, writing, print, silhouette, drawing, figure, image, cast, phonograph recording, electrical transcription or other article capable of producing sound or any other matter of indecent or immoral character, shall be fined not more than $5,000 or imprisoned not more than five years, or both.

The indictment itself uses the following terminology:

[O]n or about the 12th day of July, 1972, * * * the defendant Sooner State News Agency, Inc., * * * knowingly did transport and caused to be transported in interstate commerce * * * an obscene, lewd, lascivious and filthy book and publication * * * for the purpose of the sale and distribution of said book and publication, all in violation of [18 U.S.C. § 1465].

3. The terms "obscene, lewd, lascivious, or filthy" are used to describe proscribed activity in the federal obscenity statutes. 18 U.S.C. §§ 1461–1465.

guards against convictions based upon protected material, or fail to give men in acting adequate notice of what is prohibited. [354 U.S. at 491–492, 77 S.Ct. at 1312–1313.]

Moreover, the language of 18 U.S.C. § 1461 has previously been construed to apply only to that which is obscene under the then prevailing obscenity guidelines. *See* e. g. United States v. Reidel, 402 U.S. 351, 91 S.Ct. 1410, 28 L.Ed.2d 813 (1971); Manual Enterprises, Inc. v. Day, 370 U.S. 478, 82 S.Ct. 1432, 8 L.Ed.2d 639 (1962). Such prior construction is permitted by *Miller* to uphold an obscenity statute. Miller v. California, *supra,* 413 U.S. at 25, 93 S.Ct. 2607. More recently in Hamling v. United States, 418 U.S. 87, 94 S.Ct. 2887, 2906, 41 L.Ed.2d 590 (1974), the United States Supreme Court "made ˙clear [their] willingness to construe federal statutes dealing with obscenity to be limited to material such as that described in *Miller.*" *See* United States v. 12 200-Ft. Reels of Film, 413 U.S. 123, 130 n.7, 93 S.Ct. 2665, 37 L.Ed.2d 500 (1973); United States v. Groner, 494 F.2d 499, 501 (5th Cir. 1974). In our view the exhibits before us unquestionably fall within the "hard-core" pornography which may be permissibly proscribed under either *Memoirs* or *Miller.* Accordingly, § 1465 does not and did not prior to *Miller* lack constitutionally required specificity.

▮ Prior to trial all defendants requested that the trial be conducted under the *Roth-Memoirs* standards for ob-

scenity including the use of a "national standard." The trial court agreed and the jury was so instructed despite the fact that Miller v. California, *supra,* which provided for "community standards" had been decided.[4] Defendants now argue that it was a denial of due process to convict them on the basis of an unworkable "national standard." A party cannot be heard to complain on appeal of that which he requested and received in the trial court without objection.[5] Similarly, the defendants cannot here complain that the indictment incorporated the *Memoirs* "utterly without redeeming social value" test for obscenity which has been rejected in *Miller.* If there was such an incorporation, it was by defendants' own request that they be tried under *Roth-Memoirs* rather than *Miller.*[6]

▮ The defendants next argue that 18 U.S.C. § 1465 is unconstitutionally vague even with Miller v. California, *supra,* read into it. We note that the language found in 18 U.S.C. §§ 1461 and 1462 is similar to that found in § 1465. Referring to § 1461, the Court in Roth v. United States, *supra,* 354 U.S. at 492, 77 S.Ct. at 1313, said:

[This] statute, applied according to the proper standard for judging obscenity, do[es] not offend constitutional safeguards against convictions based upon protected material, or fail to give men in acting adequate notice of what is prohibited.

This same language was cited with approval in Hamling v. United States, *su-*

4. The government objected to the use of the *Roth-Memoirs* standard for obscenity and requested that the trial be conducted under *Miller.*

5. Without deciding the issue raised herein, we note that the Supreme Court has not required as a constitutional matter that federal obscenity cases be tried under any precise geographic area standards. *See* Hamling v. United States, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974).

6. Defendants were entitled to be tried under *Miller* since it had been decided after the alleged offense but before their trial. Never-

theless defendants are entitled to the benefit of any constitutional principle enunciated in *Miller.* *See* Hamling v. United States, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974). However, as the Court in *Hamling* stated:

Since *Miller* permits the imposition of a lesser burden on the prosecution in this phase of the proof of obscenity than did *Memoirs,* and since the jury convicted these petitioners on the basis of an instruction concededly based on the *Memoirs* test, petitioners derive no benefit from the revision of that test in *Miller.* [418 U.S. at 116, 94 S.Ct. at 2907.]

**516**

*pra*, 418 U.S. at 99, 94 S.Ct. 2887. The Court has not changed its position with respect to the constitutionality of § 1461. United States v. Sulaiman, 490 F.2d 78, 79 (5th Cir. 1974), cert. denied, —— U.S. ——, 95 S.Ct. 192, 41 L.Ed.2d 153 (1974).[7] Section 1462 has likewise been upheld against a vagueness challenge. United States v. Groner, 494 F.2d 499, 501 (5th Cir. 1974). We hold that 18 U.S.C. § 1465 is not unconstitutionally vague. *See* United States v. New Orleans Book Mart, Inc., 490 F.2d 73, 75 (5th Cir. 1974); United States v. Manarite, 448 F.2d 583, 594 (2d Cir. 1971); United States v. Marks, 364 F. Supp. 1022, 1026 (E.D.Ky.1973).

▮▮▮ The individual defendants argue that certain constitutional rights guaranteed by the first, fifth and sixth amendments to the federal constitution were violated by the use of the federal conspiracy statute, 18 U.S.C. § 371, to prosecute them. Specifically, defendants contend that the conspiracy statute may not be used to prosecute individuals for acts which are protected by the first amendment. The short answer to defendants' argument is that obscenity is not protected by the first amendment. Miller v. California, 413 U.S. 15, 23, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973); Roth v. United States, 354 U.S. 476, 485, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957). Since the federal obscenity statutes are to be construed to prohibit the interstate transfer of "hard-core" pornography only, United States v. 12 200-Ft. Reels of Film, 413 U.S. 123, 130 n. 7, 93 S.Ct. 2665, 37 L.Ed.2d 500 (1973), we do not find that prosecution under the general conspiracy statute for conspiring to violate 18 U.S.C. § 1465 has any chilling effect on protected first amendment rights. The cases cited by defendants, such as United States v. Spock, 416 F.2d 165 (1st Cir. 1969), are inapposite here because they deal with protected first amendment rights such as voicing their opposition to the government.

▮▮▮ The individual defendants contend that to sustain a conviction under 18 U.S.C. § 371 (conspiracy) the Government must show that the defendants had *actual knowledge* of the contents of the allegedly obscene material and that they knew the material was legally obscene. Defendants attempt to distinguish the scienter requirement for conspiracy from that in the substantive offense, here § 1465. Where conspiracy is charged, the Government has the burden of establishing that a defendant had the specific intent to violate the substantive statute. United States v. Cangiano, 491 F.2d 906, 909 (2nd Cir. 1974). The required intent is no less nor no more than that necessary to commit the substantive crime. United States v. Mauro, 501 F.2d 45, 51 (2d Cir. 1974). With reference to prosecutions for substantive violations of federal obscenity statutes, the Supreme Court has held that "knowledge of the contents[,] * * * character and nature of the materials" is sufficient to satisfy the intent requirement. Hamling v. United States, *supra*, 418 U.S. at 123, 94 S.Ct. at 2910. The convictions in *Hamling* were on both substantive and conspiracy counts. Although the Supreme Court did not consider the issue, the Ninth Circuit rejected the defendants' proposed instruction that not only must they know the contents of the materials mailed, but that they must also have had a specific intent to mail what was known and believed to be obscene literature. United States v. Hamling, 481 F.2d 307, 318–319 (9th Cir. 1973), aff'd, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974). We agree and now hold that in a prosecution for conspiracy to violate a federal obscenity statute, the Government does not have the obligation of showing that the defendants knew the contents of the material in question were legally obscene. It is sufficient to show that a defendant had knowledge of the contents of the materials he conspired with others to

7. The Supreme Court has recently denied certiorari in several obscenity cases in which the constitutionality of state and federal statutes was challenged. *See* 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974).

transport in interstate commerce and that he knew the character and nature of the materials. *See* Hamling v. United States, *supra*; United States . v. Marks, 364 F.Supp. 1022, 1027 (E.D. Ky.1973); United States v. Luros, 260 F.Supp. 697, 702 (N.D.Iowa 1966), rev'd on other grounds, 389 F.2d 200 (8th Cir. 1968). There is ample evidence in the record to support a jury finding that the individual defendants were aware of the nature and contents of the material which the jury found to be obscene.

■■■ The individual defendants challenge the sufficiency of the evidence to sustain a conspiracy conviction. In considering the sufficiency of the evidence to support a verdict in a criminal case, the evidence must be considered in the light most favorable to the prevailing party. United States v. Lodwick, 410 F.2d 1202, 1204 (8th Cir. 1969). In our review of the record we find abundant evidence to support the conspiracy convictions. Defendants Friedman, Mitchum, Fishman and Boyd were unquestionably knowingly involved in a large scale operation to distribute "hard-core" pornographic material via the United States mails in violation of 18 U.S.C. § 1465 and 2.

■■■ Two multiple count indictments charging defendant Friedman with substantive violations of 18 U.S.C. §§ 1465 and 2 were dismissed during the trial.[8] The same publications which were the basis of the substantive counts were used as evidence of overt acts committed by Friedman in furtherance of the conspiracy. Friedman argues that the doctrines of double jeopardy and collateral estoppel require reversal of his

conspiracy conviction. Such argument is without merit. A plea of double jeopardy is not appropriate where there is a lack of identity between the two offenses due to the dissimilarity in the elements of proof. Ferina v. United States, 340 F.2d 837, 839 (8th Cir. 1965). In Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932) the Supreme Court held:

> The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not.

The federal conspiracy statute,[9] and 18 U.S.C. § 1465 are separate and distinct statutory provisions. *See* Pinkerton v. United States, 328 U.S. 640, 643, 66 S. Ct. 1180, 90 L.Ed. 1489 (1946). The factual proof for one is different from the other. The doctrine of collateral estoppel in criminal cases requires that the same issue must have been determined favorably to the accused in prior or concurrent litigation between the parties. Ferina v. United States, *supra.* The issue of Friedman's guilt of violating § 1465 is not the same as his guilt of conspiracy to violate said section. The commission of a substantive offense and a conspiracy to commit it are separate and distinct offenses. Pinkerton v. United States, *supra*; *see* United States v. Cole, 449 F.2d 194, 201 n.4 (8th Cir. 1971). Thus the dismissal of substantive counts against defendant Friedman does not bar prosecution for conspiracy to violate the substantive offense.[10]

---

8. The issue of the propriety of these dismissals is not before us in this appeal.

9. 18 U.S.C. § 371 provides:

> If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not

more than $10,000 or imprisoned not more than five years, or both.

10. Furthermore, the Eighth Circuit has consistently held that inconsistency of a verdict on separate counts of an indictment does not entitle a defendant to a reversal on the count he was convicted of. United States v. Wetzel, 488 F.2d 153, 155 (8th Cir. 1973). Thus, Friedman's acquittal on the substantive counts does not require reversal of his conviction on the conspiracy count.

We have considered other assignments of error by the various defendants and find them to be without merit.

Judgments affirmed as to all defendants.