398 F.Supp. 1374 (1975)
UNITED STATES of America, Plaintiff,
v.
Thomas C. KELLY, Defendant.
No. 74-324CR(3).
United States District Court, E. D. Missouri, E. D.
July 28, 1975.
*1375 Donald J. Stohr, U. S. Atty., Barry A. Short, Asst. U. S. Atty., St. Louis, Mo., for plaintiff.
Robert A. Hampe, St. Louis, Mo., for defendant.

MEMORANDUM
WANGELIN, District Judge.
This matter is before the Court for a decision on the merits. The defendant, Thomas C. Kelly, is charged by indictment with seven separate violations of 18 U.S.C. § 1462. The defendant has waived his right to a jury trial. Accordingly, on March 3, 1975, this case was heard without a jury before the Court sitting as the trier of fact and law.
The Court being fully apprised of the premises hereby makes the following findings of fact and conclusions of law.

Findings of Fact
1. The defendant, Thomas C. Kelly, did business as the sole proprietor of Century News Company in St. Louis, Missouri.
2. Defendant has done business with Sovereign News Company for a period of approximately seven years. Sovereign News Company is a corporation with headquarters at 2075 East 65th Street, Cleveland, Ohio, and was in the business of distributing books and magazines.
3. Defendant was on an automatic distribution or standing order list at Sovereign News Company and received new publications on a weekly basis from Sovereign News Company.
4. In 1973, Sovereign News Company shipped books and magazines to defendant, c. o. d., by United Parcel Service, a common carrier authorized by tariff or certificate to transport goods from Ohio to Missouri.
5. On or about June 18, 1973, Sovereign News Company shipped c. o. d. to defendant via United Parcel Service books or magazines entitled, "Oral Sex Today", "Documented Secrets of Voyeurism", "Case Book, Volume 2, Number 6", "Sex, Quest and Query, Number 10", "Sex Scope, Volume 3, Number 3," "Climax, Number 6", and "Full Swing, Number 10".
6. Gerald Spitznagel, Loss Prevention Manager, United Parcel Service, St. Louis, Missouri, on or about June 18, 1973, noticed in the United Parcel Service terminal a carton that had been ripped open. Mr. Spitznagel took the carton to his office to determine the extent of damage or loss, removed the contents of the carton, which were adult magazines, placed them on his desk and called William McDermott, Special Agent, Federal Bureau of Investigation. Agent McDermott arrived and looked at several of the magazines and thereafter took with him seven magazines entitled as set forth in paragraph 5. above giving Mr. Spitznagel a receipt for the same. The carton was rewrapped and subsequently picked up.
7. On June 20, 1973, defendant wrote a letter to Sovereign News Company requesting credit for the items mentioned in paragraph 6. above that were short on a recent shipment.
8. On or about July 6, 1973, Sovereign News Company issued a credit memo to the defendant with respect to the shortage described by the defendant. Sovereign News Company, on approximately June 23, 1973, shipped c. o. d. to the defendant via United Parcel Service, books or magazines entitled, "Voyeurism  Fact and Fantasy", "The Rise of Sensuous Sex", and "Sensuality".
9. Approximately June 22, 1973, Gerald Spitznagel again noticed in the United Parcel Service terminal a carton that had been ripped open. The carton was taken to his office to determine the extent of damage or loss. Mr. Spitznagel removed the contents, which were adult magazines, placed them on his desk and called Special Agent McDermott of the F.B.I. Agent McDermott arrived and looked at several of the magazines and thereafter took with him three books or magazines entitled, "Voyeurism  Fact *1376 and Fantasy", "The Rise of Sensuous Sex", and "Sensuality", giving Mr. Spitznagel a receipt for the same. The carton was rewrapped and subsequently picked up.
10. On or about July 2, 1973, Sovereign News Company issued a credit memo to the defendant with respect to the magazines mentioned in paragraph 9. above.
11. Sovereign News Company shipped c. o. d. to the defendant via United Parcel Services books or magazines entitled, "What You Always Wanted To Know About Oralism and Sex", "Sex, Pornography and the Law", "Answers, Volume 3, Number 4", "Sexual Fulfillment", "Ankh: The Journal of the Senses, Number 24", and "Sexual Encounter Number 8", on or about July 5, 1973.
12. On or about July 5, 1973, Gerald Spitznagel discovered in the terminal of United Parcel Service a ripped-open carton. The carton was taken to his office to determine the extent of damage or loss and the contents removed. Special Agent William McDermott of the F.B.I. arrived and looked at several of the magazines and thereafter took with him six magazines entitled the same as those mentioned in paragraph number 11. above, and gave Mr. Spitznagel a receipt for those magazines. The carton was rewrapped and subsequently picked up.
13. On approximately July 16, 1973, defendant received a shipment c. o. d. via United Parcel Service by Sovereign News Company books or magazines entitled, "Encyclopedia of Sex, Volume 1", and "Encyclopedia of Sex, Volume 2", "Erotic Adventure, Number 11".
14. On approximately July 16, 1973, Gerald Spitznagel noticed a carton in the United Parcel Service terminal which had been ripped open. The carton was taken to his office to determine the extent of damage or loss and the contents removed. Special Agent William McDermott of the F.B.I. was called. Agent McDermott arrived and looked at several of the magazines and thereafter took with him three magazines entitled the same as those mentioned in paragraph number 13. above giving Mr. Spitznagel a receipt for them. The carton was rewrapped and subsequently picked up.
15. On July 17, 1973, the defendant gave to United Parcel Service a check drawn on the account of Century News Company payable to Sovereign News Company in the amount of Two Hundred and Fifty-Five Dollars and Twenty Cents ($255.20) and signed by the defendant.
16. Sovereign News Company shipped c. o. d. to defendant via United Parcel Service books or magazines entitled, "The Sexual Outlaws", and "How Girls Become Whores", on approximately July 20, 1973.
17. On or about July 20, 1973, Gerald Spitznagel noticed a carton in the United Parcel Service terminal which had been ripped open. As with other parcels, it was taken to his office to determine the extent of damage or loss and the contents were removed. Special Agent William McDermott of the F.B.I. was again called to examine the magazines. Special Agent McDermott took with him two magazines entitled the same as those mentioned in paragraph 16. above, giving Mr. Spitznagel a receipt for the same. The carton was re-wrapped and subsequently picked up.
18. On July 23, 1973, the defendant gave to United Parcel Service a check drawn on the account of Century News Company payable to Sovereign News Company in the amount of Five Hundred Eighty Dollars and Eight Cents ($580.08).
19. Sovereign News Company shipped c. o. d. to the defendant via United Parcel Service books or magazines entitled, "Carnal Knowledge, Volume 1, Number 3", "Swinging Sex, Volume 1, Number 1", "Sexual Interplay, Volume 1, Number 1", "Orgasm, Volume 1, Number 1", and "Foreplay, Volume 3, Number 3", on approximately July 25, 1973.
*1377 20. On approximately July 25, 1973, Gerald Spitznagel noticed in the United Parcel Service terminal a ripped open carton. The carton was taken to his office to determine the extent of damage or loss and the contents removed. Mr. Spitznagel called Special Agent William McDermott of the Federal Bureau of Investigation and Special Agent McDermott and Special Agent James Kessler arrived and at that time marked for identification books or magazines entitled the same as those mentioned in paragraph No. 19. above. Those books and magazines were replaced in the carton, the carton was rewrapped and subsequently picked up.
21. Defendant, on July 30, 1973, gave to United Parcel Service a check drawn on the account of Century News Company payable to Sovereign News in the amount of Three Hundred Eighty Six Dollars and Seventy Cents ($386.70) in payment of the July 25th shipment.
22. On August 1, 1973, Special Agent McDermott went to defendant's premises at 707 Washington in St. Louis, Missouri, and purchased the books which he had marked for identification purposes at the United Parcel Service terminal on July 25, 1973.
23. Defendant wrote a letter to Sovereign News Company on August 2, 1973, requesting credit for the items entitled "The Sexual Outlaws", and "How Girls Become Whores".
24. A credit memo for the above mentioned items was issued to the defendant by Sovereign News Company on August 15, 1973.
25. Sovereign News Company shipped c. o. d. to the defendant via United Parcel Service on approximately August 28, 1973, books or magazines entitled, "Foreplay, Volume 1, Number 6", "Response, Volume 2, Number 3", "Case Book, Volume 1, Number 3", and "Sex-scope, Volume 3, Number 4".
26. On approximately August 28, 1973, Gerald Spitznagel noticed in the United Parcel Service terminal a ripped open carton. For the purposes of establishing the extent of damage or loss the carton was taken to his office and the contents were removed. Mr. Spitznagel then called Special Agent McDermott of the F.B.I. who arrived and looked at several of the magazines. Special Agent McDermott thereafter took with him four magazines entitled the same as those in paragraph number 24. above, and gave Mr. Spitznagel a receipt for the same. The carton was rewrapped and subsequently picked up.

Conclusions of Law
As a threshold defense to his prosecution for a violation of 18 U.S.C. § 1462, defendant asserts that the seizures of the books mentioned in the findings of fact by Special Agent McDermott of the Federal Bureau of Investigation are not admissible since the searches and seizures were allegedly illegal under the Fourth Amendment. Such an assertion is not supported by the facts in evidence. The evidence adduced at trial indicates that the packages of books were opened by agents of United Parcel Service acting in a private capacity and not by any government agents. Acts of a private person in opening packages, and therein discovering contraband, do not lead to violations of the Fourth Amendment, and do not warrant suppression of any evidence discovered thereby. United States v. Echols, 477 F.2d 37 (8th Cir., 1973); and United States v. Pryba, 163 U.S.App.D.C. 389, 502 F.2d 391 (1974).
Defendant relies on United States v. Sherwinn, (9th Cir., Slip Opinion, No. 73-3124, Dec. 9, 1974) to support his contention that the seizures by Special Agent McDermott were illegal. It must be noted that in Sherwinn, supra, the Ninth Circuit failed to reach the issue of whether the defendant had standing to challenge the seizures when defendant had no proprietary or possessory interest in the premises from which the books were taken and was not charged with an offense that included as an essential *1378 element possession of the materials. This Court is in agreement with Judge Moore's dissent in Sherwinn, supra, that there was no seizure when the seized items were not opened by a government agent. Accord, Gold v. United States, 378 F.2d 588 (9th Cir., 1967).
Since the defendant has no standing to contest the alleged seizure, the Court will not deal with defendant's assertion that an adversary hearing was necessary prior to the seizure of the books by Special Agent McDermott. United States v. Groner, 494 F.2d 499 (5th Cir., 1974).
For the foregoing reasons, the Court is of the opinion that the evidence adduced at trial was properly admitted.
The question of admissibility of evidence having been determined, the Court must now turn its view to whether or not the government has proved the necessary elements of a crime under 18 U.S.C. § 1462. The elements of a crime under § 1462 are whether there was the "use" of a common carrier, and whether or not there was scienter on the part of the defendant. United States v. Rubin, 312 F.Supp. 950 (C.D.Cal.1970).
The facts adduced at trial clearly indicate that defendant made use of a common carrier for the purposes of § 1462. The facts show that defendant was on a standard distribution list of Sovereign News Company, and that defendant paid Sovereign News Company with checks tendered to United Parcel Service. Such facts clearly show a use of a common carrier. United States v. Rich, 407 F.2d 934 (5th Cir., 1969), and United States v. Rubin, supra.
As to the scienter requirement, the government must not prove that defendant knew that the matter was "obscene" it must prove that he was aware of contents of the matters shipped. Rosen v. United States, 161 U.S. 29, 16 S.Ct. 434, 40 L.Ed. 606 (1896), Smith v. California, 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205 (1959), Hamling v. United States, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974), United States v. Mishkin, 317 F.2d 634 (2nd Cir., 1963), cert. den. 375 U.S. 827, 84 S.Ct. 71, 11 L.Ed.2d 60 (1963), and United States v. Friedman, 506 F.2d 511 (8th Cir., 1974). The facts in the instant case clearly show that defendant was aware of the contents of the items which he received. The defendant's actions in writing for a credit from Sovereign News Company and specifically noting which titles were missing is a further indication of his knowledge of the contents.
Since the government has established the two key elements of a crime under § 1462, the final remaining issue for the Court is whether or not the items in question were indeed obscene.
The items admitted into evidence are in the opinion of this Court clearly legally obscene since they picture patently offensive pictures of the ultimate sexual act both normal and perverted, and consists primarily of photographic representations of masturbation, genital exhibition, and various forms of sexual fetishes. By an application of contemporary community standards, the materials clearly appeal to the prurient interest and are clearly obscene under the standards of Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). For the foregoing reasons the Court is of the opinion that the government has shown that defendant, Thomas C. Kelly, transported obscene matters in interstate commerce in violation of 18 U.S.C. § 1462, and thereby finds the defendant, Thomas C. Kelly, guilty beyond a reasonable doubt as to all seven (7) counts charged in the indictment.